Honsel v. Conant.

## Henry Honsel
### v.
## William S. Conant.

1. ERECTION OF FENCE DEPRIVING ADJACENT OWNER OF LIGHT AND AIR, NOT A NUISANCE.—In the absence of an adverse right by prescription, grant or otherwise, an owner has a right to erect a fence or building upon his own land, which will have the effect to deprive the owner of adjacent premises of light and air to his house, and obstruct his view from the same, and such erection, unless made of offensive material, will not be a nuisance for which an action will lie.

2. DECLARATION INSUFFICIENT TO SUSTAIN ACTION.—The declaration in this case claimed damages because appellee had planted on his land a hedge within a few feet from appellant's house, and permitted it to grow to a height of about sixteen feet, whereby currents of air were intercepted, and by reason whereof the house became damp and unwholesome, etc. *Held*, that this declaration was insufficient to sustain an action, as it failed to show that appellant had by any methods known to the law acquired an easement in appellee's premises, whereby the same had been made servient to his for light or air, and it was not alleged the hedge in and of itself was in any manner a nuisance to appellant or his property. Although appellee has failed to file brief, yet the court can see no good in entering a *pro forma* judgment of reversal.

3. PRACTICE—DISMISSAL OF SUIT.—The court below sustained the demurrer to the declaration, and upon appellant abiding by the same, it was adjudged that he take nothing by his suit, but that the same be dismissed. While this may be technically informal, yet this court regards it in substance as a judgment upon demurrer, which was properly followed by a judgment for appellee for costs.

APPEAL from the Circuit Court of Menard county; the Hon. C. EPLER, Judge, presiding. Opinion filed January 16, 1883.

Mr. OSCAR A. DELEUW and Mr. WILLIAM A. CRAWLEY, for appellant; that the hedge in question is a private nuisance, cited Tipping v. St. Helen Smelting Co. 1 Law R. 66; Earl of Londsdale v. Nelson, 2 B. & C. 311; Com'rs v. Blaisdell, 107 Mass. 234; Hoffman v. Armstrong, 11 Am. R. 537.

PER CURIAM. Appellee having failed to file briefs in this case, we are at liberty under our rules to reverse the judgment of the court below *pro forma*, or to examine the case upon its merits. Upon inspection of the transcript we find the only question in the case of any importance is, whether or not the court below decided properly in sustaining the demurrer to appellant's declaration, and in rendering judgment against him upon his electing to stand by it. The declaration claims damages by reason of appellee's having planted and permitted to grow to a height of about sixteen feet, a hedge on his own land, and within a few feet of appellant's dwelling house, whereby the currents of air which otherwise would have come to his house were intercepted, and by reason whereof the same became damp and unwholesome and endangered the health of appellant and his family, and after repeated requests, appellee refused to trim the same to a proper height but willfully and with intent to injure appellant permitted the same to grow in manner aforesaid.

We have examined appellant's brief and the authorities therein cited, and fail to find anything in it or them to distinguish this case in principle from that of Guest v. Reynolds, 68 Ill. 479, wherein it was held, that in the absence of an adverse right by prescription, grant or otherwise, the owner has a right to erect a fence or building upon his own land, which will have the effect to deprive the owner of adjacent premises of light and air to his house, and obstruct his view from the same, and such erection, unless made of offensive material, will not be a nuisance for which an action will lie.

In this case the declaration fails to show that the appellant has by any of the methods known to the law acquired an easement in appellee's premises, whereby the same has been made servient to his for light and air, nor is it alleged that the hedge in and of itself is in any other manner a nuisance

to appellant or his property. The declaration was therefore insufficient to sustain an action, and we can see no good to be derived from our entering a *pro forma* judgment of reversal.

Appellant further complains that the court below erred in ordering the case to be dismissed instead of entering a formal judgment for defendant upon demurrer. The court sustained the demurrer to the declaration, and upon appellant's abiding by the same it was adjudged that he take nothing by his suit but that the same be dismissed. This may be technically informal, but we regard it in substance as a judgment upon demurrer which was properly followed by a judgment for appellee for costs.

The judgment of the court below is therefore affirmed.